**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BERNADINE R. VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1433-F |
| ) | |
| EPWORTH VILLA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

"Plaintiff's Motion for Partial Summary Judgment," filed June 21, 2006, is before the court. (Doc. no. 42.) Defendant has responded, plaintiff has replied, and the motion is ready for determination.

### I. Background[1]

This action is brought by plaintiff, Bernadine R. Vaughn, against her previous employer, Epworth Villa, a continuing care retirement community. Ms. Vaughn worked for Epworth as a certified nurse's aide/certified medication aide. In April of 2004, plaintiff filed an EEOC charge against Epworth claiming age discrimination (not a claim in this action) and race discrimination. In May, 2005, while the charge was pending, defendant contends that it became aware that plaintiff had disclosed patient health information to the EEOC without patient consent and without redaction. Plaintiff states that she presented this information to the EEOC to prove that non-African American employees had been treated differently than she had been treated after making mistakes on medical charting. Defendant conducted an investigation of

---

[1]This background information does not constitute fact-findings. Its only purpose is to provide context.

the matter and then terminated the plaintiff for the stated reason that plaintiff had removed and shared confidential patient health information without authorization.

Although several types of employment discrimination are alleged in this action, the only claim put in issue by plaintiff's motion for partial summary judgment is plaintiff's retaliatory discharge claim. The motion asks the court to adjudicate liability on that claim in plaintiff's favor. The motion also asks for summary judgment in plaintiff's favor on certain defenses.

## II.  Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

### III.  Discussion

#### A.  Plaintiff's Attempt to Exclude Defendant's Interrogatory Answers

After discussing the standards for summary judgment, plaintiff's first argument (at proposition II of her moving brief) is that defendants' answers to interrogatories should be excluded from the court's consideration (except for purposes of showing pretext) because these answers modify Mr. Floyd Autin's deposition testimony and are an attempt to create a sham fact issue.

Plaintiff's briefs do not identify any particular interrogatory answer (or answers) which plaintiff contends is a sham.  Additionally, although plaintiff complains (at moving brief, p. 6) of "new reasons" given for her termination in the interrogatory answers , she never explains what material is new or in what way that new material contradicts Mr. Autin's deposition testimony.  Plaintiff also has not explained how excluding the purportedly new material would impact plaintiff's motion for partial summary judgment.  Despite these failures on plaintiff's part, the court has compared defendant's May 19 interrogatory answers to the portions of Mr. Autin's testimony which plaintiff cites in its briefing of this proposition. Having done so, the court finds and concludes that, at least for purposes of this motion, the interrogatory answers and the deposition testimony are consistent.[2]  The court finds that defendant's May 19 interrogatory answers are not a sham, and it declines to exclude the answers from its consideration of plaintiff's motion.

#### B. Plaintiff's Argument that She Is Entitled to Judgment on Liability for Retaliatory Termination

Plaintiff next argues (moving brief, proposition III) that she is entitled to summary judgment in her favor on liability with respect to her retaliatory discharge

---

[2]This ruling does not limit any argument regarding possible inconsistencies which either party might wish to make at trial.

claim. She puts forth a variety of arguments, some of which are less than clear.[3] Essentially, her position is that because defendant agrees that plaintiff was terminated for giving confidential patient medical records to the EEOC during the investigation of plaintiff's discrimination charge, plaintiff was necessarily terminated for participation in protected activity. As a result, plaintiff asserts that she enjoys absolute protection for her conduct in releasing patient information – a truly remarkable proposition. Alternatively, she argues that even if she does not have absolute protection, she is nevertheless entitled to summary judgment on liability.

Plaintiff cites no authorities which support summary judgment in her favor in the circumstances of this case. For example, plaintiff relies on Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 550 (10th Cir. 1999. In that case, however, the Tenth Circuit merely held that a jury verdict in favor of the plaintiff was supported by the evidence. Medlock does not stand for the proposition that plaintiff is entitled to judgment at the summary judgment stage. Furthermore, there are numerous factual matters which may need to be addressed before any liability for retaliatory discharge is determined. Potential fact issues include: the reasonableness of plaintiff's actions; the EEOC's need for the confidential material in question; the specific nature of the patient health information which was disclosed; the nature of the employer's interest in maintaining confidentiality; the nature of the patients' interest in maintaining confidentiality; possible alternatives to disclosure such as redaction; the ease or difficulty of invoking any such alternatives; the parties' understanding concerning the

---

[3] For example, plaintiff defines the two issues for determination on retaliatory discharge (at p. 1 of her moving brief) as follows: "1. Defendant's liability for retaliation...or, alternatively, 2. A determination that there is sufficient evidence of retaliation to shift the burden of proof in this case to the defendant to establish a non-discriminatory reason for its action...." Defendant, however, does not have the burden of proof to establish a non-discriminatory reason for its actions, rather, plaintiff has the burden to prove the elements of her claim. Such lack of clarity is sufficient grounds, standing alone, to deny plaintiff's motion.

EEOC's treatment of the disclosed material; and the EEOC's actual treatment of the disclosed material. Finally, the court is concerned that providing absolute protection to plaintiff of her conduct in these circumstances--which defendant contends includes giving confidential patient health information to the EEOC in violation of HIPAA and other laws--could open the door to abuses of the EEOC's investigatory process.

For all of these reasons, the court finds and concludes that plaintiff has not shown that she is entitled to summary judgment on the issue of defendant's liability for retaliatory discharge.

### C.  Plaintiff's Argument that She Is Entitled to Judgment On Defendant's "Affirmative Defenses"

Plaintiff sets out various defenses which she characterizes as affirmative defenses and as to which she contends she is entitled to summary judgment in her favor. The court addresses these defenses in the same sequence and groupings as they are addressed in plaintiff's motion. (These defenses go to all of plaintiff's claims, not just the retaliatory discharge claim.)

1.  Limitations Defense, addressed with Failure to Exhaust Administrative Remedies Defense.

Plaintiff's reply brief states that she has "not sued" over actions which date back to 1992. (Reply brief, p. 9.) Plaintiff maintains, however, that some of defendant's alleged actions, while time-barred as the basis for a Title VII complaint, may nevertheless be admitted in evidence to show defendant's discriminatory intent. (Reply brief, p. 2, response to defendant's fact nos. 4-5.) Plaintiff's reply brief states that "when Defendant would not respond to discovery, Plaintiff filed this motion to determine what Defendant seeks to exclude." (Reply brief, p. 10.) Questions regarding what evidence defendant seeks to exclude are not before the court at this stage. Moreover, the court notes that it is undisputed that plaintiff's second EEOC

charge purports to cover events which began in 1999, six years before the date of the charge. (Defendant's undisputed fact no. 5.) The court finds and concludes that there are genuine issues of material fact raised by both of these defenses and that plaintiff has not shown she is entitled to summary judgment with respect to either of them.

2. Failure to State a Claim.

Defendant does not respond to plaintiff's argument that defendant's failure to state a claim defenses should be stricken.[4] Defendant appears to agrees that there is no question but that the Amended Complaint states a claim, and the court therefore finds that these defenses have been abandoned. *See*, LCvR7.2(f) (any motion that is not opposed may, in the discretion of the court, be deemed confessed). Accordingly, plaintiff's request to strike defendant's failure to state a claim defenses should be granted as confessed.

3. Defense of Legitimate, Non-Discriminatory Reasons for its Actions.

Although plaintiff argues the inadequacy of this defense in the portion of her brief which asks the court for summary judgment on defendant's "affirmative defenses" (see conclusion of moving brief, p. 25, asking the court for judgment on "the claimed affirmative defenses"), her brief appears to recognize that defendant's position that it had a legitimate, non-discriminatory reason for its actions is a general defense to plaintiff's claims rather than an affirmative defense as to which defendant bears the burden of proof. Plaintiff explains the inclusion of this issue in her motion by stating her belief that defendant may have included this defense in the defenses listed in its Answer in order to preserve a "same result defense." (Moving brief, p. 19.) Defendant's response brief, however, states that defendant has not raised a "same

---

[4]This order refers to failure to state a claim defense<u>s</u>, plural, because the Answer to the Amended Complaint alleges the defense of failure to state a claim several times, in response to plaintiff's different types of discrimination claims.

defense" [sic] defense.  (Response brief, p. 23.)  Accordingly, the court finds and concludes that this issue is moot.

### 4.  The Faragher/Ellerth Defense.

The Faragher/Ellerth defense is an affirmative defense to an employer's vicarious liability under Title VII for an employee's hostile work environment claim that is based on a supervisor's harassment.  The defense is available when there is no tangible employment action and when the following two elements are met:  (1) the employer exercised reasonable care to prevent and correct promptly any harassing behavior; and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.  Burlington Industries v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).

There is evidence that defendant maintains an anti-discrimination, anti-harassment and anti-retaliation policy; that  employees have "open door" access to bring complaints to the attention of management; and that defendant takes steps to educate its workforce about these policies and to enforce these policies.  (Response brief, defendant's fact nos. 6, 7.)[5]  There are also disputed facts concerning whether plaintiff complained to certain individuals regarding the alleged discriminatory conduct.  (See response brief, defendant's fact no. 8, disputing plaintiff's testimony that she complained to several individuals.)  The court finds and concludes that plaintiff has not shown that she is entitled to summary judgment on defendant's Faragher/Ellerth defense because that defense raises genuine issues of material fact

---

[5]Throughout her briefing, plaintiff complains that this evidence (and a great deal of other evidence of the defendant) should be excluded from the court's consideration of the motion because the evidence was not properly produced during discovery.  Even if the challenged material were excluded, the result would be the same as there would still be fact issues which preclude summary judgment.

and because this defense is better suited to determination at trial with the benefit of a complete evidentiary record.

### 5. The Mitigation Defense

Plaintiff also contends that she is entitled to summary judgment on defendant's failure to mitigate damages defense. There is evidence which could support a failure to mitigate defense, however. For example, plaintiff has testified that she is waiting to see how the Department of Health rules on its investigation into her actions at Epworth Villa before seeking another position of the nature she held with the defendant. (Response brief, defendant's fact no. 1.) The court finds and concludes that plaintiff has not shown she is entitled to summary judgment on defendant's failure to mitigate damages defense because that defense raises genuine issues of material fact and because this defense is better suited to determination at trial.

### 6. Good Faith Defense.

Finally, plaintiff seeks summary judgment in her favor on defendant's good faith defense to plaintiff's claim for punitive damages. (Response brief, p. 22.) Good faith efforts to comply with Title VII may include, but are not limited to, the implementation of policies prohibiting discrimination and retaliation. *See*, Kolstad v. American Dental Association, 527 U.S. 526, 546 (1999) ("in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good faith efforts to comply with Title VII'"; the Court stated that on remand, it might be necessary to determine whether the defendant had been making good faith efforts to enforce an anti-discrimination policy). As previously noted, there is evidence that defendant had anti-discrimination policies and that defendant took steps to educate its workforce about these policies and to implement these policies. (Response brief, defendant's fact no. 6, p. 8.) The court finds and concludes that

plaintiff has not shown she is entitled to summary judgment on defendant's good faith defense because that defense raises genuine issues of material fact and because this defense is better suited to determination at trial.

### IV.  Conclusion

Having carefully considered the parties' submissions, the record, and the relevant authorities, Epworth Villa's failure to state a claim defenses are **STRICKEN**; in all other respects, "Plaintiff's Motion for Partial Summary Judgment" is **DENIED**.

Dated this 4th day of August, 2006.

*[signature]*

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1433p015(pub).wpd