## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BERNADINE R. VAUGHN,       ) | |
|                    ) | |
|      Plaintiff,       ) | |
|                    ) | |
| vs.                   ) | Case No. CIV-04-1433-F |
|                    ) | |
| EPWORTH VILLA,       ) | |
|                    ) | |
|      Defendant.     ) | |

## ORDER

Before the court is defendant's motion for partial summary judgment. By this motion defendant seeks summary judgment on plaintiff's Title VII claim for a racially hostile work environment; on plaintiff's claims for discriminatory failure to promote her to two positions as time barred; and on plaintiff's Title VII retaliation and discrimination claims related to the termination of her employment.

Plaintiff has elected not to pursue her hostile work environment claim and agrees that defendant's motion directed to this claim may be granted. Accordingly, defendant's motion for summary judgment on plaintiff's racially hostile work environment claim is **GRANTED**.

Plaintiff agrees that her Title VII claim for discriminatory failure to promote her is time-barred, as defendant asserts. However, she asserts that her claim for discriminatory failure to promote her to the position of physical therapy aide is not barred under 42 U.S.C. § 1981, which has a four-year statute of limitations. Defendant in reply correctly asserts that plaintiff's claim for failure to promote her to the position of ward clerk, even under § 1981, is time-barred inasmuch as the position

was filled on February 24, 1999 and plaintiff's complaint was not filed until October 26, 2004. With respect to the physical therapy aide position, defendant in reply asserts that plaintiff cannot establish a *prima facie* case of discriminatory failure to promote under 42 U.S.C. § 1981 because she cannot show that the position remained open or was filled by a non-minority, inasmuch as it is undisputed that the physical therapy aide position plaintiff applied for and complains of not receiving was filled by an African American female, June Garrett, on September 17, 2002. To establish a *prima facie* case of discriminatory failure to promote, a plaintiff must show, *inter alia*, that the position remained open or was filled by a non-minority. *See* McKenzie v. City and County of Denver, 414 F.3d 1266, 1277 (10th Cir. 2005); Amro v. Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000); Reynolds v. School District No. 1, 69 F.3d 1523, 1534 (10th Cir. 1995). *See also* Exum v. United States, 389 F.3d 1130, 1134 (10th Cir. 2004) (position remained open). Because plaintiff cannot establish that the physical therapy aide position for which she applied remained open or was filled by a non-minority, defendant is entitled to summary judgment on plaintiff's § 1981 claim for discriminatory failure to promote her to that position.

The Claims Relating to Defendant's Termination of<br>Plaintiff – Discrimination and Retaliation

Discrimination. Defendant argues that plaintiff has failed to establish a *prima facie* case of Title VII discriminatory discharge relating to plaintiff's termination. While taking issue with defendant's formulation of a *prima facie* discriminatory discharge case, plaintiff states that she is not asserting a claim for discriminatory termination. *See* plaintiff's brief at p. 18 ("Even as a discrimination claim (which this is not) . . . ."). Accordingly, defendant is entitled to summary judgment on plaintiff's discriminatory discharge claim, if any.

Retaliation.  Plaintiff's asserts that defendant's reporting (to the Oklahoma Department of Health) of plaintiff's disclosure, to the EEOC, of confidential medical records without redaction or consent of the patient, amounted to retaliation for plaintiff's protected activity.  Defendant argues that its actions did not constitute an "adverse employment action" because defendant was by law required to make such a report.  Plaintiff argues, however, that defendant did not merely report plaintiff's copying and disclosure of patient records but attempted to influence the administrative process by filling an amicus brief and arguing that plaintiff's actions constituted misappropriation of patient property.  She asserts that defendant's actions were actions "which might have dissuaded a reasonable person from making or supporting a charge of discrimination."  Burlington Northern Santa Fe Ry. Co. v. White, __ U.S. __ 126 S.Ct. 2405, 2416 (2006) (quoted in Argo v. Blue Cross & Blue Shield of Kansas, Inc., 452 F.3d 1193, 1202 n. 2 (10th Cir. 2006).  The court disagrees.

A reasonable person would not consider the disclosure of confidential patient records without redaction or the patient's consent necessary to file or support a charge of discrimination.  This is so, even in circumstances similar or identical to those now before the court, where the court assumes for present purposes that plaintiff believed the disclosure of these records showed that others who had made errors similar to one made by plaintiff were not similarly disciplined.  Defendant's action was not an action which might have dissuaded a reasonable person from making or supporting a charge of discrimination.  A reasonable person, feeling herself aggrieved by her employer's treatment of her, would not consider it necessary to commit a flagrant violation of the law and the employer's policy (e.g., the disclosure of unredacted patient information) in order to convey the relevant information to the EEOC.  Moreover, even if defendant's action of reporting to the Department of Health plaintiff's copying and disclosure of confidential patient health information as misappropriation of patient

property could be viewed as an action "which might have dissuaded a reasonable person from making or supporting a charge of discrimination," it is undisputed that defendant was required by law to report plaintiff's misappropriation of patient property to the Department of Health.  *See* Okla. Admin. Code 310:677-1-4(b).  Accordingly, defendant had a legitimate, non-retaliatory reason for reporting plaintiff's conduct to the Department of Health.   Nothing in <u>Burlington Northern</u> supports the notion that the "dissuasion" of the hypothetical reasonable worker will support a retaliation claim where that "dissuasion" is rooted in entirely reasonable and lawful – indeed legally compelled –  action by the employer.

Plaintiff argues that defendant's purported legitimate, non-retaliatory reason is not legally sufficient because it is not unrelated to plaintiff's participation in protected activity, citing *inter alia*, <u>Sanchez v. Mora-San Miguel Electric Cooperation, Inc.</u>, 173 F.3d 864, 1999 WL 176151 at *3 (10th Cir. Mar. 31, 1999) (No. 98-2061) ("A legitimate, non-retaliatory reason is any reason or explanation unrelated to [plaintiff's] participation in protected activity.")  However, defendant's reporting of plaintiff's copying and disclosure of a patient's medical records as misappropriation of patient property is logically and legally unrelated to plaintiff's protected activity of disclosing such records *to the EEOC* to support her charge of discrimination because defendant was required by law to report *any* misappropriation of patient property, *i.e.*, copying and disclosure of patient medical records to any third party.  In other words, the fact that the disclosure was made to the EEOC, rather than to some other third party, was irrelevant to the employer's decision and is irrelevant to this court's decision.

It is undisputed that plaintiff filed a charge of discrimination on April 28, 2004 and thereafter copied and submitted to the EEOC records containing confidential personal health information of one of defendant's patients.  The record does not reveal when defendant learned that plaintiff had filed a charge of discrimination.  However,

-4-

defendant admits that on or about May 23, 2005, it became aware that plaintiff had disclosed confidential personal health information of a patient to the EEOC without patient consent and that defendant confirmed this on or about May 26, 2005, when it received plaintiff's EEOC file after submitting a Freedom of Information Act request and found the unredacted confidential personal health information of one of its patients in the materials submitted by the plaintiff to the EEOC.  It is also undisputed that defendant terminated plaintiff's employment on June 1, 2005.  It is undisputed that the reason given by defendant for its termination of plaintiff's employment, both at the time of her termination and in its motion for summary judgment, is that plaintiff copied and disclosed confidential patient medical record and disclosed them to a third party without prior authorization.  *See* Notice of Employee Reprimand (Ex. 16 to defendant's brief) and deposition of Floyd Autin (Ex. 15 to defendant's brief) at p. 75.  It is undisputed that plaintiff's disclosure of the confidential health information of one of defendant's patients violated defendant's policies, its employee conduct and work rules and HIPAA[1] regulations.  It is also undisputed that maintaining confidentiality concerning residents' records, care and activities was part of plaintiff's job description and that plaintiff understood that that was an obligation she had throughout her employment at Epworth Villa.  Moreover, it is undisputed that plaintiff understood that every resident at Epworth Villa had a right to have his or her personal and medical care records kept confidential and that HIPAA required that personal medical records be kept confidential.

There is no evidence whatsoever before the court from which a causal connection between plaintiff's mere filing of her charge of discrimination, on April 28, 2004, and plaintiff's termination, on June 1, 2005, can be inferred.  Hence,

---

[1]  The Health Insurance Portability and Accountability Act of 1996,  42 U.S.C. § 1320d, implemented by regulations found in 45 CFR Parts 160 and 164.

defendant is entitled to summary judgment on plaintiff's claim that her employment was terminated in retaliation for her filing an EEOC complaint.

Defendant argues that plaintiff's disclosure of confidential personal health information to the EEOC without patient consent is not "protected activity" as a matter of law, whether the court applies the "balancing test" utilized by some courts, citing, *e.g.*, <u>O'Day v. McDonnell Douglas Helicopter Co.</u>, 79 F.3d 756, 763 (9th Cir. 1996); <u>Jefferies v. Harris County Community Action Assoc.</u>, 615 F.2d 1025, 1036-37 (5th Cir. 1980) and <u>Abernathy v. Walgreen Co.</u>, 836 F.Supp. 817, 820-21 (M.D. Fla. 1992), or the "rebuttable presumption standard" applied by one court, citing, <u>Laughlin v. Metro. Washington Airports Authority</u>, 952 F.Supp. 1129, 1136-39 (E.D. Va. 1997), *aff'd*, 149 F.3d 253 (4th Cir. 1998).  Plaintiff argues that the cases cited by defendant are inapposite because they are "opposition clause" cases rather than "participation clause" cases and in any event do not carve out a *per se* exclusion for misappropriation of property or disclosure of an employer's confidential records.  She also argues that she should not be deprived of the protected character of her acts because she innocently acquired the medical sheet, a copy of which was provided to the EEOC, inasmuch she found it lying on the copy machine; she made a copy because she believed it showed that others had committed charting errors similar to hers and not been disciplined; she did not redact information on the sheet because she was concerned that defendant might deny the authenticity of the medical sheet; the patient's family was never told of the disclosure; there is no evidence that defendant or the patient were harmed by the disclosure; and the EEOC by its regulations is prevented from disclosing any record it maintains except upon written request to the person to whom the record pertains or upon that person's prior written consent, with certain other limited exceptions.  Additionally, plaintiff points out that another

employee of defendant took patient information off-site, lost it and lied about it, but despite this being a second offense, that employee was only reprimanded.

The Tenth Circuit has not addressed the issue of whether the misappropriation or disclosure of confidential documents may qualify as "protected activity" under either the "participation clause" or the "opposition clause." As defendant points out, a number of courts have done so, applying either a "balancing test" or a "rebuttable presumption standard."[2]   Additionally, at least one court has, on policy grounds, adopted a *per se* rule excluding the misappropriation or copying and disclosure of an employee's personal records, even though innocently acquired, from "protected activity" for purposes of a state law claim for retaliatory discharge. *See* Watkins v. Ford Motor Co., 2005 WL 3448036 at *6-8 (S.D. Ohio, Dec. 15, 2005) (No. C-1-03-033).[3]   Upon review of these authorities, the court is persuaded by the reasoning of the United States District for the Eastern District of Virginia in Laughlin v. Metropolitan Washington Airports Authority, 952 F.Supp. 1129, 1134-1139 (E.D. Va. 1997), *aff'd*

---

[2]   In all of the cases cited by defendant, courts have addressed the issue where the misappropriation or disclosure was asserted to be protected opposition to employment discrimination. Neither of the parties have cited nor has the court located any case in which the misappropriation or disclosure was asserted to have been made to assist or participate in an investigation of employment discrimination or an employment discrimination proceeding.

[3]  In adopting a *per se* rule, the court reasoned as follows:

Accepting as true his allegations that he found the profiles in a book that had been left out in the open, the papers were not marked as confidential, and he disclosed the profiles only to his counsel, his conduct cannot reasonably be construed as protected activity. As noted by defendant, if the Court were to adopt plaintiff's argument that such conduct is protected activity "plaintiffs everywhere would be entitled under the umbrella of protected activity, to steal company information and, so long as they give the information to their lawyer, not only be able to avoid disciplinary action by their employer, but also be empowered to successfully maintain a claim against their employer if adverse action is taken for the misconduct."

Watkins v. Ford Motor Co., 2005 WL 3448036 at *7.

on other grounds, 149 F.3d 253, 260 (4th Cir. 1998)[4], that the most appropriate approach to determining when the misappropriation or copying and disclosure of an employer's confidential documents may constitute "protected activity" under either the opposition or participation clause[5] is the rebuttable presumption standard employed by that court. That standard both "appropriately encourages employees to first resort to the numerous lawful and honest avenues available" to oppose an unlawful employment practice and/or to assist or participate in an investigation of or proceeding involving an unlawful employment practice, and affords an employee an opportunity to overcome that presumption when "the employee has no choice but to resort to dishonest and disloyal conduct." Laughlin v. Metropolitan Washington Airports Authority, 952 F.Supp. at 1138. Applying this approach, plaintiff's conduct is presumed to be unprotected activity. Plaintiff has failed to and cannot overcome that presumption because she has not made and cannot make a specific showing that there existed no alternative to the disloyal and unlawful conduct of copying and submitting a patient's confidential personal health information in defendant's records to the EEOC. Plaintiff could have easily redacted the patient's name from the records. She could have obtained the patient's consent. Plaintiff could have simply prepared an affidavit attesting to what she believed were charting errors by other employees and

---

[4] The Fourth Circuit affirmed the district court based on its alternate analysis and conclusion employing the balancing test. In so doing, the Fourth Circuit stated that it "believe[d] that the Circuit's well-established balancing test provides an adequate, workable framework" and that it was "bound by the precedent established by another panel of this court." 149 F.3d at 260.

[5] Plaintiff is correct that all of the cases in which the issue of whether misappropriation or disclosure of confidential employer documents constitutes "protected activity" were "opposition" rather than "participation" cases. Moreover, it may well be that the protection afforded for participatory or assisting activity is broader than that for oppositional activity, see Laughlin v. Metro Washington Airports Authority, 149 F.3d 253, 259 n.4 (4th Cir. 1998), a proposition on which this court takes no position. However, there is no analytical reason not to employ the same test in a participation case as in an opposition case for determining whether the misappropriation or disclosure of confidential employer documents should be considered "protected activity."

defendant's failure to discipline those employees.  Plaintiff's intentional disclosure of protected patient information invited  precisely the action that the employer took – summary dismissal.   The court accordingly concludes as a matter of law that plaintiff's copying and disclosure of the confidential personal health information in defendant's records was not "protected activity."  No reasonable jury could find that plaintiff has overcome the rebuttable presumption that the conduct in question was unprotected.   However, even if the court were to apply a balancing test similar to that employed in O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756 (9th Cir. 1996) and Jeffries v. Harris County Community Action Assoc., 615 F.2d 1025(5th Cir. 1980), the result would be the same.   While plaintiff had a legitimate interest in preserving evidence of defendant's unlawful employment practice, defendant's interest not only in maintaining a harmonious and efficient workplace but in ensuring that its employees did not violate the law and in maintaining the confidentiality of its patients' private health information outweighs plaintiff's interest, particularly where, as here, plaintiff could have preserved the evidence without violating the law and her employer's policy and trust, and the "evidence" does not even show or prove what plaintiff thought it did.  *See* plaintiff's deposition (Ex. 2 to defendant's brief) at pp. 147-53.

Because plaintiff has failed to demonstrate that her copying and submittal of confidential patient health information in defendant's records to the EEOC was "protected activity," plaintiff cannot establish a *prima facie* case of retaliatory termination based on their conduct under either Title VII or 42 U.S.C. § 1981.  *See* O'Neal v. Ferguson Construction Co., 237 F.3d 1248, 1257 (10th Cir. 2001); Amro v.

<u>Boeing Co.</u>, 232 F.3d 790 (10th Cir. 2000); <u>Roberts v. Roadway Express, Inc.</u>, 149 F.3d 1098 (10th Cir. 1998).[6]

In accordance with the foregoing, defendant's motion for partial summary judgment (doc. no. 64) is **GRANTED**.

The claims which survive this order are plaintiff's discriminatory treatment race claims, alleging different treatment with respect to plaintiff's placement on a performance improvement plan, attendance at anger management training, discipline regarding attendance, and scheduling for weekend and holiday shifts.

DATED October 17, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1433p018(pub).wpd

---

[6] Even though the lack of a *prima facie* case is dispositive here, it should be noted that plaintiff's pretext argument is disingenuous. Plaintiff argues that "another employee had a second offense of taking patient information off-campus, in fact taking an entire book, losing it and lying about it," Plaintiff's response, at 21, and suffered only a reprimand. This ignores the fact that the conduct of the other employee – misconduct though it was – did not involve any *intentional disclosure to a third person. See,* Exhibits 12 and 13 to Plaintiff's response, as well as the deposition of Floyd Autin, pp. 61 - 64 (Exhibit 4 to plaintiff's response). Moreover, plaintiff's argument that dismissal was not required by law, Response at 20, is a red herring. The fact that dismissal was not legally required does nothing to undermine the reasonableness, plainly shown in this record, of her summary dismissal.